EARBEE *VS.* EVANS & CARMAN.

1. Plaintiff may discontinue as to partners, on whom a writ issued against a firm, was not served.

Error to Sumter Circuit court.

Assumpsit, before *Chapman*, J. Verdict and judgment for plaintiffs below.

*Porter*, for plaintiff in error.

COLLIER, C. J.—All the questions arising in this case, have been determined against the plaintiff in error, by the opinion pronounced at this term, in Earbee vs. Ware, except the assignment, which denies the right of a plaintiff who sues out process against all the members of a co-partnership, to discontinue as to those on whom service is not effected.

By the 8th section of the act of eighteen hundred and

Earbee *vs.* Evans & Carman.

eighteen, " for the better regulation of judicial proceedings," (Aik. Dig. 268,) it is provided, that whenever any cause of action may exist against two or more partners, it shall be lawful to prosecute an action against any one or more of them, and that when a writ shall issue against all the partners of any firm, service of the same on any one of them shall be deemed equivalent to service on all. We think that an equitable construction of this section would authorise a discontinuance as to the partners, on whom a writ issued against the firm, was not served.

But it is objected, that the act is in derogation of the common law, and should be strictly construed. If it trenched upon rights protected by the common law, the argument would be well founded, but such is not the case—the statute is merely remedial, in simplifying and cheapening the mode of redress in the cases embraced by it; and according to all authority, must be liberally expounded, in advancement of the remedy. That such is the rule of interpretation favored by this court, we think will sufficiently appear from its decisions—(Martin vs. Townsend, 2 Stewart's R. 329 ; Jones et al. vs. Pitcher & Co. 3 Stew. & Por. R. 135.)

Our conclusion is, that the judgment of the Circuit court is free from error, and it is therefore *affirmed.*